STATE of Wisconsin, Plaintiff-Appellant,

v.

Galen D. SKOW, Defendant-Respondent.†

Court of Appeals

*No. 87–0545–CR. Submitted on briefs June 22, 1987.—Decided August 11, 1987.*
(Also reported in 413 N.W.2d 650.)

---

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For plaintiff-appellant, there were briefs by *John A. Lang,* assistant district attorney, Balsam Lake.

For respondent, there was a brief by *Ardell W. Skow* and *Lila M. Hambleton* of *Doar, Drill & Skow, S.C.,* Baldwin.

Before Cane, P.J., LaRocque and Myse, JJ.[1]

LaROCQUE, J.   The State of Wisconsin appeals an order dismissing a criminal complaint alleging three game violations by Galen D. Skow. Skow was charged with possession of three deer carcasses not tagged in the manner required by sec. 29.40(2), Stats. The circuit court dismissed the complaint for failure to state sufficient facts to establish probable cause. Upon review of the complaint, we conclude to the contrary and reverse.

The heart of Skow's contention is that sec. 29.40(2), as amended, does not require the person who kills a deer to attach his or her own tag, but rather allows another's tag to be used to claim the deer. We reject this argument and also his claim that the complaint fails to show probable cause that Skow killed the deer in question.

According to the complaint of a DNR warden, Skow acknowledged that he had shot three deer with bow and arrow during the 1985 season and that all

---

[1]Pursuant to sec. 809.41(3), Stats., the chief judge has ordered that this appeal be decided by a three-judge panel.

three deer had been tagged by other licensed bow hunters.

Section 29.40(2), Stats., provides in relevant part:

> any person who kills a deer shall immediately attach to the ear or antler of the deer *a* current validated deer carcass tag. ... no person may possess, ... a deer carcass unless it is tagged as required under this subsection.[2] (Emphasis supplied.)

Section 29.40(2) was created in its present form by 1983 Wis. Act 546. The prior version, found in sec. 29.40(1), Stats. (1981), reads as follows:

> [A]ny person having killed a deer shall immediately attach and lock ... to the gambrel of either hind leg thereof, *the* deer tag corresponding to license. No person may have in possession ... any deer carcass ... unless it is tagged as required .... (Emphasis supplied.)

A criminal complaint must contain facts that are themselves sufficient or that give rise to reasonable inferences sufficient to establish probable cause. *State v. Dekker,* 112 Wis. 2d 304, 310, 332 N.W.2d 816, 819 (Ct. App. 1983). If reasonable inferences may be drawn establishing that the defendant probably committed the crime charged, and equally reasonable inferences may be drawn to the contrary, the complaint is sufficient. *State ex rel. McCaffrey v. Shanks,* 124 Wis. 2d 216, 235, 369 N.W.2d 743, 754 (Ct. App. 1985). The sufficiency of a criminal complaint is a question of law

---

[2]None of the parties argues that any of the exceptions listed in sec. 29.40(2) (and omitted from the quoted portion) apply to this case.

that we decide independently of the circuit court's determination. *See id.*

Generally, where a statute is plain and unambiguous, the plain meaning must be given to the statute. *Stoll v. Andriansen,* 122 Wis. 2d 503, 510, 362 N.W.2d 182, 186 (Ct. App. 1984). If, on the other hand, a statute is ambiguous, the court may resort to legislative intent as evidenced by the relation of the statute to its context, scope, history, subject matter, and object to be accomplished. *Landvatter v. Globe Sec. Ins. Co.,* 100 Wis. 2d 21, 25, 300 N.W.2d 875, 877–78 (Ct. App. 1980). A statute is ambiguous if reasonable persons could disagree as to its meaning, and whether reasonable persons could disagree is a question of law. *St. John Vianney School v. Board of Educ.,* 114 Wis. 2d 140, 150, 336 N.W.2d 387, 391 (Ct. App. 1983).

Skow argues that sec. 29.40(2) allows a person to kill more than one deer so long as someone with a valid deer tag attaches that tag to the deer. Skow bases his argument on the 1983 amendment that changed the article modifying the word "tag" from "the" to "a." The current statute, however, may yet be reasonably read another way. Since sec. 29.40(2) provides that only the person who kills the deer must attach the tag, there is an inference that he or she must attach only his or her own tag. Otherwise, there is no reason the person claiming the deer cannot perform the act of attaching the tag.

We may consider the legislative history of an ambiguous statute to obtain its meaning. *Town of Grand Chute v. City of Appleton,* 91 Wis. 2d 293, 296, 282 N.W.2d 629, 631 (Ct. App. 1979). We may also consider related statutory sections. *Wisconsin Bingo Supply & Equip. Co. v. Wisconsin Bingo Control Bd.,*

88 Wis. 2d 293, 303, 276 N.W.2d 716, 720 (1979). Statutes *in pari materia* must be read together and harmonized if possible. *Nelson v. DNR,* 88 Wis. 2d 1, 5 n. 3, 276 N.W.2d 302, 304 n. 3 (Ct. App. 1979).

The legislative history of the deer tag statute supports the state's position. From the creation of sec. 29.40 seventy years ago,[3] until twelve years ago, a hunter killing a deer was directed to attach "the deer tag corresponding to his license." Then, in 1975, the pronoun "his" was stricken from the statute.[4] The result was an ungrammatical phrase telling a hunter to attach "the deer tag corresponding to license."

Standing unexplained, an argument could be made that the 1975 legislation was intended to no longer require that the tag correspond to the hunter's license so long as it corresponded to the tag of the person claiming the deer. The preamble to the 1975 Act dropping the male pronoun modifier, however, removes any suggestion that substantive changes were intended: "An Act ... eliminating distinctions based upon sex ...." The 1975 change was merely part of a comprehensive elimination of hundreds of gender-biased words and phrases throughout the Wisconsin Statutes.

Then, under the 1983 amendment to sec. 29.40(2), the hunter is directed to attach "*a ... deer ... tag ....*" (Emphasis supplied.) The use of the indefinite article "a," Skow argues, plainly means that anyone's tag may be used.

The legislative history found in the drafting file for 1983 Wis. Act 546, amending sec. 29.40(2), contains no mention for changing the statutory language from requiring a tag "corresponding to license" to "a

---

[3]Section 3, ch 668, Laws of 1917.
[4]Section 123, ch. 199, Laws of 1975.

current validated deer carcass tag." The analysis by the Legislative Reference Bureau states only that "[t]he bill ... revises the manner in which deer carcass tags must be attached. Currently, a tag must be attached and locked to the gambrel of either hind leg of a deer carcass. This bill requires attachment of a validated tag to an ear or antler." This brief statement suggests that the legislature wanted to relocate the area to which the tag must be attached in keeping with the elimination of metal tags. There is no mention of any intent to change the other components of the offense.

There is equally persuasive evidence to support a narrower meaning of the present sec. 29.40(2) found in other sections of ch. 29, Stats. The "tag" mentioned in ch. 29 is a type of "approval" as defined in sec. 29.01(1), Stats.:

> "Approval" means any type of approval or authorization issued by the department or a county clerk under this chapter including any license, permit, certificate, card, stamp or tag unless the context requires a different meaning.

The appropriate use of an "approval" is discussed in sec. 29.09(1m), Stats.:

> No more than one of the same series of approval may be issued to the same person in any year. Except [for certain fishing licenses] no person may transfer his or her approval or permit the use of any approval by any other person and no person while hunting, trapping or fishing may use or carry any approval issued to another person.

These related statutes indicate that the legislature's purpose was to allow only one approval per person per season. The logical extension of this conclusion is that the legislature also intended only one deer per person per season, at least where no other rule is specified.

This conclusion is strengthened by the contemporaneous enactment of sec. 29.405, Stats., a statute that specifically allows limited group deer hunting by gun hunters. Conspicuously absent is any mention of archers. No other statutory provision permits group bow hunting.

Given the general statutory scheme of ch. 29, providing a one person, one tag, one deer rule, it would be unreasonable to read sec. 29.40(2) as providing unlimited kills by one hunter. Without specific language excepting it, sec. 29.40(2) must be read in conformity with the general intentions of ch. 29. While the current statute could more clearly express the requirement that the person killing the deer attach his or her own tag to the carcass, our decision is consistent with the legislative record.[5]

■

Even if sec. 29.40(2) were not ambiguous and Skow's interpretation were the only way to read it, if such a reading leads to an absurd result, we must construe the statute to achieve a more reasonable result. *See id.; M.J. v. Milwaukee Co. Combined Servs. Bd.,* 122 Wis. 2d 525, 532, 362 N.W.2d 190, 194 (Ct. App. 1984). Skow's interpretation would recognize a radical departure from the historical bag limits placed on deer hunters. It would permit limitless use of the tags of family and friends by a solitary deer slayer. We

---

[5]There is yet another reading of sec. 29.40(2) that reaches the same result. Even if another's tag were acceptable, the statute requires the person who kills the deer to attach it. Thus, one killing a deer could use another's tag but only if the hunter who killed the deer performed the physical act of attaching the tag. Neither side discusses this approach, and we therefore do not consider it.

also therefore conclude that Skow's reading leads to an absurd result.

Skow finally argues that the complaint fails to establish probable cause that he killed the deer. If he did not kill the deer, he did not possess it, as required for a violation of sec. 29.40(2). We are not persuaded. The complaint need only show that there is a reasonable inference that the crime was probably committed. *See Dekker,* 112 Wis. 2d at 310, 332 N.W.2d at 819. The only reasonable inference from the allegations of the complaint is that Skow killed the deer. He admitted both that he shot them and that they were tagged. There is absolutely no factual basis to support an inference that he shot but someone else killed the deer as Skow suggests. The verb "shoot" is often used to mean kill. Webster's New Collegiate Dictionary 1072 (1977) defines shoot as "2. to wound or kill with a missile discharged from a bow or firearm." A criminal complaint need only be evaluated in the light of common sense, not hypertechnically. *Ritacca v. Kenosha County Court,* 91 Wis. 2d 72, 78, 280 N.W.2d 751, 754 (1979).

The order dismissing the criminal complaint is reversed and the cause remanded for further proceedings.

*By the Court.*—Order reversed and cause remanded.