IN the INTEREST OF F.E.W., A Minor Under the Age of Eighteen Years: F.E.W., Appellant,†

v.

STATE of Wisconsin, Respondent.

Court of Appeals

*No. 87–2045. Submitted on briefs January 5, 1988.—Decided March 9, 1988.*
(Also reported in 422 N.W.2d 893.)

† Petition to review denied.

On behalf of the appellant, the cause was submitted on the briefs of *Mark Lukoff,* first assistant state public defender.

On behalf of the respondent, the cause was submitted on the brief of *Gerald P. Ptacek,* district attorney for Racine county and *Margaret Borkin,* assistant district attorney for Racine county.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. F.E.W. appeals a circuit court dispositional order adjudging him delinquent. F.E.W. argues that the state should not have been permitted to file a petition for determination of status after the statutory time period had expired. We conclude that the state showed the requisite "good cause" to permit

the late filing of a petition for determination of status under sec. 48.25(2)(a), Stats. Therefore, we affirm the trial court.

On February 17, 1987, apprehension and crime reports relating to F.E.W. were received by a Racine county juvenile intake worker. The district attorney's office received the reports on February 19. On March 10, the reports were returned to the Racine Police Department with the district attorney's request for additional information. The established procedure was to place the material in a basket in the district attorney's office designated "Racine Police Department." This basket was emptied twice daily by a detective from the police department.

On March 10 or March 11, Detective Leo Mevis picked up the request for information in F.E.W.'s case along with other papers in the basket. All the papers were inadvertently left in Racine County Circuit Court Branch V. The papers were observed there by Racine County District Attorney Gerald Ptacek on April 20. The papers were turned over to Detective Mevis on April 21 and were returned to the district attorney's office on April 22. The petition for determination of status was filed with the court on April 23.

Before construing "good cause" as used in sec. 48.25(2)(a), Stats., we first address our standard of review governing the "good cause" determination by the juvenile court in this case. The historical facts surrounding this question in this case are undisputed. The application of the rules of law to such facts presents a question of law. *Oostburg State Bank v. United Sav. & Loan Ass'n,* 125 Wis. 2d 224, 239, 372 N.W.2d 471, 478 (Ct. App. 1985), *aff'd,* 130 Wis. 2d 4, 386 N.W.2d 53 (1986). We owe no deference to a trial court's resolution of questions of law. *Sprague v.*

*Sprague,* 132 Wis. 2d 68, 71, 389 N.W.2d 823, 824 (Ct. App. 1986).

Section 48.25(2)(a), Stats., reads:

If the proceeding is brought under s. 48.12, 48.125 or 48.13, *the district attorney, corporation counsel or other appropriate official shall file the petition, close the case, or refer the case back to intake within 20 days after the date that the intake worker's recommendation was filed.* A referral back to intake may be made only when the district attorney, corporation counsel or other appropriate official decides not to file a petition or determines that further investigation is necessary. If the case is referred back to intake upon a decision not to file a petition, the intake worker shall close the case or enter into an informal disposition within 20 days. If the case is referred back to intake for further investigation, the appropriate agency or person shall complete the investigation within 20 days. If another referral is made to the district attorney, corporation counsel or other appropriate official, it shall be considered a new referral to which the time limits of this subsection shall apply. *The time limits in this subsection may only be extended by a judge upon a showing of good cause under s. 48.315. If a petition is not filed within the time limitations set forth in this subsection and the court has not granted an extension, the petition shall be accompanied by a statement of reasons for the delay. The court shall dismiss with prejudice a petition which was not timely filed unless the court finds at the plea hearing that good cause has been shown for failure to meet the time limitations.* [Emphasis added.]

On March 10, the reports concerning F.E.W. were returned to the Racine Police Department with the

district attorney's request for additional information. Pursuant to the statute, the resultant investigation had to be completed within twenty days, by March 30, and any resultant petition for determination of status would have to have been filed within twenty days, by April 20. Pursuant to another statute, sec. 48.30(1), Stats., a plea hearing had to be conducted within thirty days, by May 20. As it was, the plea hearing in this case occurred on May 7, well within the statutory time limits.

The issue in this case is whether "good cause" existed to permit the late filing of a petition for determination of status under sec. 48.25(2)(a), Stats. "Good cause" is not defined in sec. 48.25(2)(a). Nor is the term elsewhere defined in ch. 48, although it is variously used. Construction of a statute presents a question of law. We owe no deference to the trial court's determination. *Van Cleve v. Hemminger*, 141 Wis. 2d 543, 545, 415 N.W.2d 571, 572 (Ct. App. 1987).

Generally, where a statute is plain and unambiguous, the plain meaning must be given to the statute. *State v. Skow*, 141 Wis. 2d 49, 53, 413 N.W.2d 650, 652 (Ct. App. 1987). A statute is ambiguous if reasonable persons could disagree as to its meaning. *Id.* We conclude that reasonable persons could disagree as to what constitutes good cause for the purposes of sec. 48.25(2)(a), Stats., therefore the statute is ambiguous.

When the language of a statute is ambiguous, we examine the scope, history, context, subject matter and object of the statute to discern the legislative intent. *Schinner v. Schinner*, 143 Wis. 2d 81, 89, 420 N.W.2d 381, 384 (Ct. App. 1988).

■

With these considerations in mind, we note that the statute in question is located in ch. 48 of the Wisconsin statutes. The paramount consideration of this chapter is the best interest of the child. Sec. 48.01(2), Stats. The juvenile court properly noted that it was in both the best interests of the child and the public that F.E.W. be held responsible for the consequences of his acts and be provided with services in an attempt to prevent a recurrence. The court stated, "The best interests of the juvenile do not dictate that he not be held accountable for his act because of the fact that a petition was filed three days late."

When addressing other time limits in the juvenile code, we have noted that the best interest of the child is the paramount consideration. *In re J.L.W.,* 143 Wis. 2d 126, 131, 420 N.W.2d 398, 400 (Ct. App. 1988). We are to liberally construe the juvenile code to effect its objectives and to serve this end. *Id.* at 132, 420 N.W.2d at 400. The trial court properly recognized this fundamental principle in its decision. We do likewise here.

In addition to the paramount consideration of the best interest of the child, we conclude that additional relevant factors to a "good cause" determination are: (1) that the party seeking the enlargement of time has acted in good faith; (2) that the opposing party has not been prejudiced; and (3) whether the dilatory party took prompt action to remedy the situation.[1]

---

[1]We note that these three additional factors also enter into considerations of "excusable neglect" for purposes of civil proceedings. *See Hedtcke v. Sentry Ins. Co.,* 109 Wis. 2d 461, 475–77, 326 N.W.2d 727, 734–35 (1982). Despite our borrowing of these factors, we stress that the law of excusable neglect does not and should not govern "good cause" determinations pursuant to sec. 48.25(2)(a),

As to good faith, there is no allegation or hint of lack of good faith on the part of the state.

As to prejudice, there is no showing that F.E.W. is harmed in any manner by the failure of the state to comply with the statutory time limits. Indeed, as noted, the plea hearing in this case occurred within the requisite time limits even if the papers concerning F.E.W.'s case had not been temporarily misplaced.

As to prompt remedial action, the record shows that the district attorney upon recovering the documents immediately forwarded them to Detective Mevis, and the documents were returned to the district attorney's office the following day. Again, we noted that the plea hearing occurred on the originally scheduled date.

Based upon our construction of sec. 48.25(2)(a), Stats., we conclude that "good cause" within the meaning of the statute to permit the late filing of the petition was established under the undisputed facts in this case.

*By the Court.*—Order affirmed.

Stats. This is because a "good cause" determination requires application of the additional, and most important, factor already discussed—the best interest of the child. Therefore, fact situations constituting excusable or inexcusable neglect for purposes of civil proceedings do not control a "good cause" question under the statute at issue here.