IN RE the PATERNITY OF T.R.B.: J.F., Appellant,

v.

R.B. and T.B., Respondents.

Court of Appeals

*No. 89-1363-FT. Submitted on briefs November 27, 1989.—Decided January 23, 1990.*

(Also reported in 454 N.W.2d 561.)

For appellant there were briefs by *Ronald D. Haacke,* Clintonville.

For respondents there was a brief by *J.D. McKay,* Green Bay.

For National Council for Children's Rights there was an amicus curiae brief by *Michael L. Oddenino,* National Council for Children's Rights, Arcadia, California.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   J.F. appeals an order dismissing his paternity action to declare him the father of T.R.B. (D.O.B. Nov. 10, 1986).[1] The child's mother was married to another man at the time of conception, and remained so thereafter. The circuit court dismissed J.F.'s paternity claim without reaching the merits on grounds that the action is not in the best interests of the child. We hold that sec. 767.458(1m), Stats., requires a hearing to determine the child's best interests.[2] We therefore reverse and

---

[1] This is an expedited appeal pursuant to Rule 809.17.

[2] Section 767.458(1m), Stats., states:

In an action to establish the paternity of a child who was born to a woman while she was married, where a man other than the woman's husband alleges that he, not the husband, is the child's father, a party may allege that a judicial determination that a man other than the husband is the father is not in the best interest of the child. *If the judge* or court commissioner *determines that a judicial determination of whether a man other than the husband is the father is not in the best interest of the child, no blood tests may be ordered and the action shall be dismissed.* (Emphasis supplied.)

remand for further proceedings.

After filing the paternity action, J.F. requested that blood tests be ordered and that he be allowed to visit the child. The child's mother and her husband filed a motion to dismiss. During a teleconference to address the motion, the circuit court, after hearing counsel's arguments, granted the motion and dismissed the action pursuant to sec. 767.458(1m), Stats. Interpretation of paternity statutes is a question of law that this court decides independently of the circuit court. *See F.E.W. v. State,* 143 Wis. 2d 856, 860, 422 N.W.2d 893, 895 (Ct. App. 1988).

The dismissal without a hearing was apparently based upon the court's perception that the child was the beneficiary of a stable, intact marriage and that preservation of that relationship would be threatened by a paternity proceeding. If both factors were based upon established facts, or inferences from established facts, they form a sufficient basis to support a decision to dismiss. Absent evidence or a stipulation, however, these considerations remain mere assumptions.

Further, J.F. has the right to present relevant evidence, if any exists, that may outweigh or contradict the preceding considerations. The court may then make its determination based upon the facts of record.

> "*A discretionary determination,* to be sustained, *must demonstrably be made and based upon the facts appearing in the record* . . . [M]ost importantly, a discretionary determination must be the product of a rational mental process by which the facts of the record and law relied upon are stated and are considered together for the purpose of achieving a reasoned and reasonable determination."

*Thorp v. Thorp,* 108 Wis. 2d 189, 195, 321 N.W.2d 237, 240–41 (1982) (quoting *Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20 (1981)). (Emphasis supplied.)

While sec. 891.41(1), Stats., raises a presumption of paternity adverse to J.F., that presumption is rebuttable, not conclusive. *See Strawser v. Strawser,* 126 Wis. 2d 485, 491, 377 N.W.2d 196, 199 (Ct. App. 1985).[3]

We therefore reverse the judgment of dismissal and remand this matter to the circuit court for an evidentiary hearing to determine whether a paternity action is in T.R.B.'s best interests. On remand, the court should also appoint a guardian ad litem as required by sec. 891.39(1), Stats.

*By the Court.*—Order reversed and cause remanded with directions.

---

[3]Sec. 891.41, Stats., provides in part:

A man is presumed to be the natural father of a child if any of the following applies:

(1) He and the child's natural mother are or have been married to each other and the child is conceived or born after marriage and before the granting of a decree of legal separation, annulment or divorce between the parties.