STATE of Wisconsin, Plaintiff-Respondent,

v.

S.H., Defendant-Appellant.†

Court of Appeals

*No. 90–0766–CR. Submitted on briefs October 24, 1990.—Decided December 18, 1990.*

(Also reported in 465 N.W.2d 238.)

†Petition to review denied.

731

On behalf of the appellant, the cause was submitted on the briefs of *Randy R. Koschnick* and *Jack E. Schairer,* assistant state public defenders.

On behalf of the respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *Gregory M. Posner-Weber,* assistant attorney general.

On behalf of the minor children, the cause was submitted on the brief of *Mary H. Behling* of *Behling & Onheiber,* Cambridge.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   S.H. appeals a court order prohibiting Directions Counseling Center (DCC) from disclosing treatment records of S.H.'s three children, against whom he allegedly committed twelve counts of first-degree sexual assault contrary to sec. 940.225(1)(d), Stats. S.H. argues that he was entitled to obtain release of the records because he signed medical release forms as the children's parent pursuant to sec. 51.30(5), Stats. S.H. contends that the trial court erred by holding that the treatment records were privileged. Because we conclude that the records sought by S.H. are privileged under sec. 905.04, Stats., we affirm the trial court's order prohibiting their release.

S.H. is charged with twelve counts of first-degree sexual assault involving his three minor children. Neal Petersen, a clinical social worker employed by DCC, has

had numerous therapy sessions with each of the children. Petersen works under the supervision of Dr. Joseph Marceil, Ph.D., a licensed psychologist. Petersen, not Marceil, had the patient contacts in this case.

S.H. attempted to obtain an order directing DCC to provide him with copies of the children's treatment records. The court ruled it had no authority to order such a release but indicated that S.H. could obtain the records pursuant to the valid execution of written releases.

S.H. then executed authorizations for the release of his children's DCC treatment records. However, because the children's mother opposed the release, DCC refused to release the records until after a court hearing. At the hearing, the children's guardian ad litem claimed the psychologist-patient privilege on behalf of the children pursuant to secs. 51.30(6) and 905.04, Stats. Based on this privilege, the court issued an order prohibiting DCC from releasing the children's treatment records.

Section 51.30(5)(a), Stats., allows parents to consent to the release of a minor's treatment records provided the consent conforms to the requirements of sec. 51.30(2). However, subsection (6) of this statute provides:

> Sections 905.03 and 905.04 supersede this section with respect to communications between physicians and patients and between attorneys and clients.

Sec. 905.04(2), Stats., in turn, provides:

> A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made or information obtained or disseminated for purposes of diagnosis or treatment of the patient's physical, mental or emotional condition, among the patient, the patient's physician, the

734

patient's registered nurse, the patient's chiropractor, the patient's psychologist or persons, including members of the patient's family, who are participating in the diagnosis or treatment under the direction of the physician, registered nurse, chiropractor or psychologist.

Interpretation of these statutes presents a question of law that we review de novo. *Ball v. District No. 4 Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984). Unless a statute is ambiguous, we will give that statute its plain meaning. *In re F.E.W.,* 143 Wis. 2d 856, 860, 422 N.W.2d 893, 895 (Ct. App. 1988). A statute is ambiguous if reasonably well-informed persons could understand it in more than one way. *In re P.A.K.,* 119 Wis. 2d 871, 878–79, 350 N.W.2d 677, 682 (1984).

We conclude that sec. 51.30(6), Stats., is ambiguous. The language could be read to mean that sec. 905.04, Stats., supersedes sec. 51.30, Stats., and that the legislature intended the phrase "with respect to communications between physicians and patients" to be a general reference to the statute, not a specific limitation on sec. 51.30(6). However, the phrase could also be read to limit the application of the privilege to physicians and patients. Such a reading excludes other relationships listed in sec. 905.04 from the effect of this subsection. Accordingly, we will look to the scope, history, context, subject matter and object of the statute to ascertain the legislature's intent. *Midland Fin. Corp. v. DOR,* 116 Wis. 2d 40, 46, 341 N.W.2d 397, 400 (1983).

The legislative history is not helpful in this case. However, the context, subject matter and purpose of the statute lead us to conclude that the legislature intended sec. 51.30(6), Stats., to refer generally to the privilege in

sec. 905.04, Stats. Section 51.30(6) deals with treatment records that include all the records concerning individuals receiving treatment for alcoholism, drug dependence, mental illness and developmental disabilities. The scope of such records is necessarily broad, encompassing documents and notes made by nurses, physicians, psychologists and their staffs. Given the broad reach and effect of this section, we see no reason to read sec. 51.30(6) narrowly. Moreover, S.H. has failed to show how any distinction that might be made between psychiatrist/patient and psychologist/patient relationships would be material to the issue of whether a privileged communication under sec. 905.04 supersedes the provisions of sec. 51.30.

Pursuant to sec. 905.04(3), Stats., the children's guardian ad litem asserted a claim of privilege on behalf of the children. That privilege, by the terms of sec. 51.30(6), Stats., superseded the authorization for release executed by S.H. Thus, the court properly concluded that the records in question were privileged and not subject to disclosure.

S.H. argues that sec. 905.04, Stats., does not apply in this case because the children only communicated with Petersen, who is a social worker, not a psychologist. However, the privilege extends to people "who are participating in the diagnosis or treatment under the direction of the physician, registered nurse, chiropractor or psychologist." Section 905.04(2), Stats. Petersen testified that he met regularly with Marceil and discussed what therapy had been done as well as what should be done in the future. We conclude that the trial court correctly held that the privilege extended to the children's communication with Petersen.

■■■

S.H. next asserts that if there was a privilege, the children waived it when Petersen testified in a hearing on the state's request to videotape depositions of the children. The holder of a privilege waives the privilege if he or she voluntarily discloses or consents to the disclosure of any significant part of the communication. Section 905.11(1), Stats. The hearing in question concerned the appropriateness of taking videotape depositions of the children in lieu of trial testimony pursuant to sec. 967.04(7), Stats. Petersen's testimony was limited to what effect courtroom testimony would have on the children's emotional states. While he did mention some communications concerning the children's fear of retribution, Petersen did not disclose any significant part of his communications with the children. Moreover, to the extent Petersen revealed communications, there is no indication that he did so with the consent of the children. Thus, the children did not waive the privilege.

S.H. maintains that he has a constitutional right to obtain the treatment records. S.H. argues that under *State v. Pulizzano,* 155 Wis. 2d 633, 456 N.W.2d 325 (1990), there must be a compelling state interest to overcome his constitutional right to confrontation and compulsory process. S.H.'s reliance on *Pulizzano* is misplaced, because that case involved the defendant's right to present relevant evidence, not the defendant's right to discover otherwise privileged information.

■■■

*Pennsylvania v. Ritchie,* 480 U.S. 39 (1987), controls S.H.'s constitutional right to compel disclosure of confidential records. That court conducted a due process analysis and concluded that the defendant was entitled to an *in camera review* by the trial court of confidential records. *Id.* at 61, 107 S. Ct. at 1003; *In re K.K.C.,* 143

Wis. 2d 508, 511, 422 N.W.2d 142, 144 (1988). In *Ritchie,* the Court struck a balance between the protection of confidential information and the defendant's interest in obtaining exculpatory information. The Court recognized that an *in camera* review denied the defendant the benefit of an "advocate's eye." *Ritchie,* 480 U.S. at 60, 107 S. Ct. at 1003. However, such review adequately protected the defendant's rights while protecting the confidentiality of the records. *Id.* at 61. Accordingly, if a defendant makes a preliminary showing that the records contain evidence material to his defense, he is entitled to an *in camera* review by the trial court of those records. *In re K.K.C.,* 143 Wis. 2d at 511, 422 N.W.2d at 144.

S.H. did in fact file a supplemental discovery motion, requesting an *in camera* review pursuant to *Ritchie.* The defendant identified numerous types of information material to his defense that he believed either were or might be contained in the treatment records. In a written decision, the court denied S.H.'s motion and requested that the state prepare an order to that effect. The petitioner must specify the order being appealed. Section 809.10(1), Stats. S.H. does not appeal that order and fails to mention either his *Ritchie* discovery motion, the court's decision or the court's corresponding order in his main brief. Issues not briefed are deemed abandoned. *In re Balkus,* 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593, 598 n.5 (Ct. App. 1985). For these reasons, we will not address the court's refusal to conduct an *in camera* review pursuant to *Ritchie.*

*By the Court.*—Order affirmed.