COURT OF APPEALS
DECISION
DATED AND FILED

January 19, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2022AP1543-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2015CF876

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JERRY D. FISHBAUGHER,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for La Crosse County: RAMONA A. GONZALEZ, Judge. *Affirmed*.

Before Blanchard, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jerry Fishbaugher appeals a judgment of conviction and an order denying his postconviction motion. His arguments on appeal relate to the admission of a child's recorded interview into evidence at trial under WIS. STAT. § 908.08 (2021-22).[1] He argues that the circuit court erred in finding sufficient cause for the State's untimely filing of the supporting offer of proof as required by § 908.08(2). He also argues that the court erred in concluding that the interview met the criteria for admissibility set forth in § 908.08(3). We reject both arguments, and we also reject other arguments that Fishbaugher makes relating to the recorded interview. Accordingly, we affirm.

## *Background*

¶2 The State charged Fishbaugher with one count of first-degree sexual assault of a child, A.B., and one count of exposing A.B. to harmful materials.[2] On the Thursday before the trial, the State filed an offer of proof for A.B.'s recorded interview. Under WIS. STAT. § 908.08(2)(a), the State's offer was to be filed "[n]ot less than 10 days before the trial or hearing, or such later time as the court or hearing examiner permits upon cause shown."

¶3 Fishbaugher objected to the State's offer of proof as untimely. He also argued that the interview failed to meet the criteria for admissibility under WIS. STAT. § 908.08(3). The circuit court allowed the interview to be played at trial without holding a hearing on its admissibility. Ultimately, the jury found Fishbaugher guilty of both counts.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version.

[2] We refer to the child using initials that do not correspond to his own to protect his anonymity. *See* WIS. STAT. RULE 809.86(4).

2

¶4    After his conviction, Fishbaugher filed a motion requesting a new trial. The circuit court denied the motion, and Fishbaugher appealed. We reversed and remanded the matter for a post-trial hearing. *See* **State v. Fishbaugher**, No. 2021AP1558-CR, unpublished slip op. (WI App Mar. 24, 2022). We directed the court to consider "(1) Fishbaugher's objection that there was insufficient cause for the late offer of proof; and (2) whether the recorded [interview] was admissible under WIS. STAT. § 908.08(3)." *Id.* at ¶8.

¶5    On remand, the circuit court determined (1) that there was sufficient cause for the State's untimely offer of proof, and (2) that the interview met the criteria in WIS. STAT. § 908.08(3). This appeal followed.

### *Discussion*

#### A.  *Cause for the State's Untimely Offer of Proof*

¶6    Fishbaugher first argues that the circuit court erred in finding that there was "cause" for the State's untimely offer of proof under WIS. STAT. § 908.08(2). Section 908.08(2)(a) states:

> Not less than 10 days before the trial or hearing, or such later time as the court or hearing examiner permits upon cause shown, the party offering the statement shall file with the court or hearing officer an offer of proof showing the caption of the case, the name and present age of the child who has given the statement, the date, time and place of the statement and the name and business address of the camera operator. That party shall give notice of the offer of proof to all other parties, including notice of reasonable opportunity for them to view the statement before the hearing under par. (b).

¶7    Fishbaugher argues that "cause" under the statute should be interpreted consistent with definitions of "cause" and "good cause" in other contexts. He argues that the State failed to show sufficient cause under those

definitions. The State advances a lower standard for "cause" under the statute. Alternatively, the State argues that the record supports the circuit court's finding of sufficient cause even under the "good cause" standard.

¶8 We will assume, without deciding, that the "good cause" standard applies. Applying this standard, we conclude that the record supports the circuit court's determination that there was sufficient cause.[3]

¶9 In *F.E.W. v. State*, 143 Wis. 2d 856, 422 N.W.2d 893 (Ct. App. 1988), we set forth factors the court may consider in deciding whether there is good cause for a party's failure to comply with a deadline. The factors include: "(1) that the party seeking the enlargement of time has acted in good faith; (2) that the opposing party has not been prejudiced; and (3) whether the dilatory party took prompt action to remedy the situation." *Id.* at 861.

¶10 As to the first and third factors, the circuit court here found that the State's failure to timely file its offer of proof was an "oversight" and that the prosecutor promptly filed the offer as soon as she realized the mistake. The record supports these findings. There is no evidence that the State sought to conceal the interview, the interview's contents, or the State's intention to rely on the interview at trial. The prosecutor testified that she was assigned to the case about a week before trial and that she filed the offer as soon as she realized that it was not previously filed. Although she did not specifically explain why her predecessor

---

[3] We are uncertain whether the parties agree that we review the circuit court's determination of cause as an exercise of discretion or as a factual finding. For reasons discussed in the text, we would uphold the determination under the standard of review for either type of determination.

had not filed the offer sooner, we conclude that this lack of explanation is not dispositive on the facts here.

¶11     As to the second factor, the circuit court found that Fishbaugher was not prejudiced by the State's untimely offer.  The court found that "[d]espite the late formal notice, both parties were aware of [A.B.'s] video [interview] for years prior to the trial," and that "[t]he video [interview] was central to both parties' preparation of their trial strategy."  The court also found that Fishbaugher had actual notice of the State's intent to seek admission of the interview at trial.  It found that "despite the oversight, both the State and the Defense, over the many years this case was pending had notice from day one of the existence and content of the child forensic interview which was the centerpiece of the State's case."

¶12     These findings are amply supported by the record.  The complaint against Fishbaugher referenced A.B.'s recorded interview and its contents, and it took several years for the case to come to trial.  In the interim, Fishbaugher filed a series of pleadings and other documents in which he referenced the interview and its contents.  Additionally, the record indicates that he considered retaining an expert to address the interview and requested continuances for that purpose.  Finally, it is undisputed that the State provided him with a copy of the recorded interview as part of the discovery process more than three years before trial.

*B.  Admissibility Under* WIS. STAT. *§ 908.08(3)*

¶13     Fishbaugher next argues that the circuit court erred in concluding that A.B.'s recorded interview met the five criteria for admissibility under WIS.

STAT. § 908.08(3).[4]  We disagree, and for the reasons that follow we uphold the court's conclusion.[5]

¶14     As applied here, the first criterion is that the "trial … in which the recording is offered will commence … [b]efore the child's 12th birthday."  WIS. STAT. § 908.08(3)(b).  There is no dispute that this criterion was met.

---

[4]  WISCONSIN STAT. § 908.08(3) provides:

> The court or hearing examiner shall admit the recording upon finding all of the following:
>
> (a) That the trial or hearing in which the recording is offered will commence:
>
> 1.  Before the child's 12th birthday; or
>
> 2.  Before the child's 16th birthday and the interests of justice warrant its admission under sub. (4).
>
> (b) That the recording is accurate and free from excision, alteration and visual or audio distortion.
>
> (c) That the child's statement was made upon oath or affirmation or, if the child's developmental level is inappropriate for the administration of an oath or affirmation in the usual form, upon the child's understanding that false statements are punishable and of the importance of telling the truth.
>
> (d) That the time, content and circumstances of the statement provide indicia of its trustworthiness.
>
> (e) That admission of the statement will not unfairly surprise any party or deprive any party of a fair opportunity to meet allegations made in the statement.

[5]  Fishbaugher argues that we must apply de novo review to the circuit court's conclusion that the recorded interview met the criteria under WIS. STAT. § 908.08(3).  The State agrees that there is case law to support this position, but it appears to question the correctness of the case law. We will assume, without deciding, that our review of this issue is de novo.

6

¶15    The second criterion is "[t]hat the recording is accurate and free from excision, alteration and visual or audio distortion." WIS. STAT. § 980.08(3)(a). There is no dispute that this criterion was met.

¶16    The third criterion is "[t]hat the child's statement was made upon oath or affirmation or, if the child's developmental level is inappropriate for the administration of an oath or affirmation in the usual form, upon the child's understanding that false statements are punishable and of the importance of telling the truth." WIS. STAT. § 908.08(3)(c). Fishbaugher disputes that this criterion was met.

¶17    A.B.'s recorded interview does not show that the interview was "made upon oath or affirmation." *See id.* A.B. was seven years old at the time of his interview. Thus, the question is whether the interview was "made … upon [A.B.]'s understanding that false statements are punishable and of the importance of telling the truth." *See id.*

¶18    Fishbaugher argues that A.B.'s interview did not meet this criterion because it did not demonstrate that A.B. understood the difference between the truth and a lie and the importance of telling the truth. We disagree and conclude that A.B.'s responses to questions during the interview demonstrate his understanding of these concepts in an appropriate manner for a child of his age.

¶19    In response to the interviewer's questions at the outset of the interview about what it means to tell the truth and to lie, A.B. said that to tell the truth means to "never lie" and that lying "means you will get in trouble." A.B. also nodded his head up and down when the interviewer asked if telling the truth means "to tell what actually happened or what really happened." He also nodded

his head up and down when the interviewer asked if he would agree that "everything we talk about today will be true."

¶20    Later during the interview, A.B. provided additional responses indicating that he understood the difference between the truth and a lie and the importance of telling the truth. He described a time when his mom "told a lie" to someone else about whether his dad was home, and he talked about a child who he did not want to sit by "because she lies to me."

¶21    The fourth statutory criterion is "[t]hat the time, content and circumstances of the statement provide indicia of its trustworthiness." WIS. STAT. § 908.08(3)(d). Although Fishbaugher does not specifically reference this criterion in his arguments, he appears to dispute that the criterion was met. He makes two arguments that appear to relate to this criterion. We reject both arguments.

¶22    First, Fishbaugher argues that A.B.'s recorded interview was unreliable because parts of the interview suggested that A.B. was previously interviewed by the lead detective, "Fritz," prior to the recorded interview. He cites to parts of the interview in which the interviewer told A.B. "[Y]ou got to meet Fritz. Remember the guy that popped in there?" and "Do you remember Fritz who you met this morning?" However, Fishbaugher does not otherwise develop this argument. We reject the argument as speculative and insufficiently developed. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (explaining what constitutes a developed argument and that the court of appeals need not consider undeveloped arguments).

¶23    Second, Fishbaugher argues that A.B.'s recorded interview was unreliable because A.B. repeatedly said "I just want it to stop," using the phrase a

total of twenty-six times during the interview. According to Fishbaugher, that phrase "does not appear to be [one] that is commonly used by a seven[-]year-old," making it "plainly appear[] that someone had coached [A.B.]" This argument, like Fishbaugher's previous argument, is speculative and insufficiently developed. We therefore reject it.[6]

¶24    The fifth statutory criterion is "[t]hat admission of the statement will not unfairly surprise any party or deprive any party of a fair opportunity to meet allegations made in the statement." WIS. STAT. § 908.08(3)(e). Although Fishbaugher does not specifically reference this criterion in his arguments, we are uncertain if he concedes that it was met. Regardless, we conclude that it was met for the reasons discussed in paragraphs 11 to 12 above relating to the lack of prejudice resulting from the State's untimely offer of proof.

¶25    In sum, we conclude that A.B.'s interview met the criteria for admissibility under WIS. STAT. § 908.08(3).[7]

### C. Other Arguments

¶26    Fishbaugher makes two additional arguments relating to A.B.'s recorded interview. Neither of these arguments appears to be based on the criteria

---

[6] Fishbaugher asserts that the phrase A.B. repeatedly used was "I just want it to stop," but a review of A.B.'s recorded interview shows that A.B. repeatedly used two slightly different phrases: "I want it to stop" and "I really want it to stop." Regardless of the exact phrasing, we reject Fishbaugher's argument that A.B.'s repeated use of the phrase shows that the interview was unreliable.

[7] Because we conclude that the interview met the criteria for admissibility under WIS. STAT. § 908.08(3), we do not address the parties' dispute over whether the interview was admissible under the residual hearsay exception.

for admissibility in WIS. STAT. § 908.08(3). Regardless, for the reasons we now explain, we conclude that the arguments are not persuasive.

¶27 First, Fishbaugher argues that he was prejudiced by the admission of A.B.'s recorded interview because it contains irrelevant allegations of physical abuse. He argues that these allegations appealed to the jury's sympathy and passions. However, the allegations involved abuse by individuals other than Fishbaugher, and we are not persuaded that they plausibly could have affected the outcome at trial.

¶28 Second, Fishbaugher argues that A.B.'s recorded interview, which alleged multiple sexual assaults, created a duplicity violation. "Duplicity is the joining in a single count of two or more separate offenses." *State v. Lomagro*, 113 Wis. 2d 582, 586, 335 N.W.2d 583 (1983). The prohibition against duplicity has multiple purposes: "(1) to assure that the defendant is sufficiently notified of the charge; (2) to protect the defendant against double jeopardy; (3) to avoid prejudice and confusion arising from evidentiary rulings during trial; (4) to assure that the defendant is appropriately sentenced for the crime charged; and (5) to guarantee jury unanimity." *Id.* at 586-57.

¶29 Here, Fishbaugher's duplicity argument is based on the fifth purpose, jury unanimity. He points out that he was charged with a single count of sexual assault, even though A.B. alleged multiple instances of sexual assault in different locations at his grandmother's house over a period of months. This included allegations of Fishbaugher anally penetrating A.B., penis-to-penis contact, hand-to-penis contact, and mouth-to-penis contact. Fishbaugher argues that "there is no guarantee the jury was unanimous that [he] committed the same sexual assault."

10

¶30 The State counters that there is no unanimity issue based on the following circumstances. First, the single count of sexual assault was charged as an act of sexual intercourse. Second, the jury was instructed that "sexual intercourse" means "any intrusion, however slight, by any part of a person's body or any object, into the genital or anal opening of another." Finally, the prosecutor's arguments to the jury focused only on whether Fishbaugher anally penetrated A.B.

¶31 Based on these circumstances, the State contends that the jury could have found Fishbaugher guilty only if the jurors unanimously agreed that he assaulted A.B. by anal penetration, and that there was no risk that the jurors found him guilty based on other types of alleged sexual activity. We agree, and conclude that Fishbaugher has not identified any flaw in the State's analysis. Accordingly, we also conclude that he has not shown a duplicity violation.[8]

### *Conclusion*

¶32 For all of the reasons stated above, we affirm the judgment of conviction and the order denying Fishbaugher's postconviction motion.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[8] Fishbaugher appears to argue in the alternative that he was prejudiced by A.B.'s recorded interview because the interview included other-acts evidence. We conclude that Fishbaugher's argument, which consists of one textual sentence and a single footnote, is undeveloped, and we reject it on this basis. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).