COURT OF APPEALS
DECISION
DATED AND FILED

February 6, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP620**

Cir. Ct. No. 2022JV981

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

IN THE INTEREST OF M.D.B., JR., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

      PETITIONER-APPELLANT,

  V.

M.D.B., JR.,

      RESPONDENT-RESPONDENT.

---

APPEAL from an order of the circuit court for Milwaukee County: NIDHI KASHYAP, Judge. *Affirmed*.

¶1    DONALD, P.J.[1] The State appeals from an order dismissing a delinquency petition filed against M.D.B., Jr. (hereinafter M.D.B.). The State contends that the circuit court erroneously exercised its discretion when it dismissed the petition with prejudice. For the reasons discussed below, we reject the State's argument and affirm.

## BACKGROUND

¶2    On November 9, 2022, the State filed a delinquency petition charging M.D.B. with operating a motor vehicle without the owner's consent. According to the petition, on October 17, 2022, M.D.B. was arrested for intentionally taking and driving a white Hyundai Tucsan without the owner's consent.

¶3    Relevant to this appeal, the delinquency petition explained that the State had received a referral for the October 17 incident on October 18, 2022. After reading the police reports that accompanied the referral, the prosecutor determined that further investigation or more complete reports would be necessary in order to charge the case. The referral was then converted to a "daily order-in case," and the District Attorney's Office had twenty days to make a charging decision, ending on November 7, 2022. *See* WIS. STAT. § 938.25(2)(a).

¶4    The delinquency petition further explained that at the same time the referral for the October 17 incident was received, the State received information that M.D.B. had left a court-ordered placement on October 13, 2022, and returned

---

[1] This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(e) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

2

in a stolen vehicle. Several hours later, M.D.B. left again in violation of the court order. The State expected a referral from the October 13 incident to be forthcoming and the State intended to issue the charges from the October 13 and October 17 incidents in a single petition or at least simultaneously, so that the matters could be resolved efficiently. While the State was waiting for the second referral, the prosecutor missed the twenty-day charging deadline.

¶5 On November 30, 2022, at the initial hearing on the delinquency petition, M.D.B. requested that the petition be dismissed with prejudice because it was filed outside of the twenty-day deadline. After hearing argument, the circuit court, at the request of the State, gave the parties an opportunity to brief the issue. The court set a briefing schedule with M.D.B. to file his brief by December 7, 2022, and the State to respond by December 14, 2022. The court set a date of December 20, 2022, for a decision.

¶6 As ordered, M.D.B. filed a brief on December 7, 2022. The State, however, did not file a brief or any other document by the December 14, 2022 deadline.

¶7 At the hearing on December 20, 2022, M.D.B. and the circuit court received an unfiled copy of the State's brief. The State indicated that the delay was due to the research that it needed to do. The circuit court responded that if the research was more complicated than the State anticipated, the State could have provided a letter to the court and the court would have considered extending the deadline. In order to give the State's arguments due consideration, the court adjourned the case for an oral ruling on January 6, 2020.

¶8 At the hearing on January 6, 2020, the circuit court noted that the State's response was not in the court file. The court stated that it had retained an

unfiled copy that it had previously received. The State apologized for its mistake and electronically filed its brief.

¶9 After citing the relevant statutes, the applicable case law, and discussing the facts of the case, the circuit court rendered an oral ruling granting M.D.B.'s motion to dismiss the petition with prejudice. In pertinent part, the circuit court explained:

> The State … received a referral from City of Greenfield in a timely fashion. They were waiting for an unrelated referral from another law enforcement agency for a separate incident, and it may have been more convenient for the State to file charges at the same time, but they're not required to do so. And I don't think that the desire to file charges at the same time is a good excuse to miss a deadline. The delay in the timely filing of a response by the December 14th deadline also makes it more difficult for me to find that the State is acting in good faith here.
>
> ….
>
> …The State's explanation is not really adequate here. It essentially amounts to: "We were waiting for some paperwork on another case, and we forgot to file this case when the paperwork didn't come in on time." It is important for [M.D.B.] to be held responsible for his alleged acts, but it's equally important, according to the Legislature, that the Court enforce his rights. And the State has not given me a good enough reason to find good cause to extend the deadline. The appropriate remedy is to dismiss this case with prejudice. If I did otherwise, I would give the State a free pass to miss deadlines without regard for the juvenile's legal rights.
>
> I did not take this decision lightly. I want everyone to know that. Because there's an alleged victim here who suffered a loss, and that victim does deserve justice. But in order for that victim and other victims to get the justice they deserve, the State has got to comply with its statutorily imposed deadlines. So this case will be dismissed.

¶10    Subsequently, on March 26, 2023, a written order was entered dismissing the petition with prejudice.    The State now appeals.[2]    Additional relevant facts are referenced below.

## DISCUSSION

¶11    On appeal, the State contends that the circuit court erroneously exercised its discretion when it dismissed the petition with prejudice.

¶12    Generally, a circuit court's decision to dismiss an action is reviewed for an erroneous exercise of discretion.  *See Haselow v. Gauthier*, 212 Wis. 2d 580, 590-91, 569 N.W.2d 97 (Ct. App. 1997).  We will uphold a discretionary decision if the circuit court "has examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach."  *Id.* at 591 (citation omitted).  When we review a discretionary decision, we may search the record for reasons to sustain a circuit court's exercise of discretion.  *See Hughes v. Hughes*, 223 Wis. 2d 111, 120, 588 N.W.2d 346 (Ct. App. 1998).[3]

---

[2] After filing a notice of appeal, the State failed to timely file its statement on transcript and docketing statement, resulting in delinquency orders.  Additionally, the State filed its brief-in-chief one day late.

[3] The parties in this case both assert that the standard of review is whether the circuit court properly exercised its discretion.  As a result, this opinion analyzes whether the circuit court properly exercised its discretion.  We note, however, that in *F.E.W. v. State*, 143 Wis. 2d 856, 858, 860, 422 N.W.2d 893 (Ct. App. 1988), which both parties address, this court independently reviewed whether good cause existed to permit the filing of a petition.  The parties do not explain why the standard of review is different here.  Nonetheless, even if we independently examined whether good cause existed based on the undisputed facts, we conclude that the result would remain the same as we agree with the circuit court's analysis and conclusions.

¶13 The procedure for initiating delinquency proceedings against a juvenile is set forth in WIS. STAT. §§ 938.24 and 938.25. As a preliminary matter, we observe that the State does not dispute that the petition in this case was filed two days late in violation of the statutorily required twenty-day time period in § 938.25(2)(a).

¶14 If a petition is not timely filed, a circuit court "may" extend the time period "upon a showing of good cause under [WIS. STAT. §] 938.315." WIS. STAT. § 938.25(2)(a). Sec 938.315 in turn provides in pertinent part that:

> (2) CONTINUANCE FOR GOOD CAUSE. A continuance may be granted by the court only upon a showing of good cause … on the record and only for so long as is necessary, taking into account the request or consent of the representative of the public under s. 938.09 or the parties, the interests of the victims and the interest of the public in the prompt disposition of cases.
>
> .…
>
> (3) CONSEQUENCES OF FAILURE TO ACT WITHIN TIME PERIOD. Failure by the court or a party to act within any time period specified in this chapter does not deprive the court of personal or subject matter jurisdiction or of competency to exercise that jurisdiction…. If the court or a party does not act within a time period specified in this chapter, the court, while assuring the safety of the juvenile, may grant a continuance under sub. (2), dismiss the petition with or without prejudice, release the juvenile from secure or nonsecure custody or from the terms of a custody order, or grant any other relief that the court considers appropriate.

WIS. STAT. § 938.15(2), (3).

¶15 The State acknowledges that the circuit court identified the correct legal standard, as set forth in *F.E.W. v. State*, 143 Wis. 2d 856, 422 N.W.2d 893 (Ct. App. 1988). The State, however, contends that the circuit court "failed to

apply [the *F.E.W.* standard] to the facts of the case when it applied only a single factor without any discernable reason."

¶16    Similar to this case, in *F.E.W.*, the State filed a petition after a statutory deadline had expired pursuant to WIS. STAT. § 48.25(2)(a).[4] *F.E.W.*, 143 Wis. 2d at 857.  In *F.E.W.*, the district attorney received apprehension and crime reports relating to F.E.W. and sent them back to the police department with a request for additional information.  *Id.* at 858.  The established procedure was to place the material in a basket in the district attorney's office designated for the police department.  *Id.*  The basket was emptied twice a day by a detective from the police department.  *Id.*  Pursuant to the established procedure, a detective picked up the request for information in F.E.W.'s case along with other papers in the basket.  *Id.*  However, all of the papers were inadvertently left in the circuit court and eventually observed there by one of the prosecutors.  *Id.*  As a result, the petition was filed late.  *Id.* at 860.

¶17    In determining whether the State established "good cause" to permit the late filing of the petition, this court stated "the paramount consideration" is the best interest of the child.  *Id.* at 861.  In addition, this court stated that "additional relevant factors to a 'good cause' determination are:  (1) that the party seeking the enlargement of time has acted in good faith; (2) that the opposing party has not been prejudiced; and (3) whether the dilatory party took prompt action to remedy the situation."  *Id.*  Based on these factors, *F.E.W.* concluded that the State established good cause.  *Id.* at 862.

---

[4] WISCONSIN STAT. § 48.25(2)(a) was the predecessor statute to WIS. STAT. § 938.25(2)(a), which is at issue in this case.  *See* 1995 Wis. Act 77.

¶18     First, contrary to the State's suggestion, *F.E.W.* does not specifically state that each and every one of the factors must be addressed.  Second, even if *F.E.W.* requires an analysis of each of the factors, we conclude that the circuit court here properly addressed each factor.

¶19     In its decision, the circuit court found that the State's "desire to file charges at the same time" was not "a good excuse to miss a deadline."  The circuit court further observed that "[t]he delay in the timely filing of a response [brief] ... by the … deadline also makes it more difficult for me to find that the State is acting in good faith here."  This addressed whether the State acted in good faith and whether the State had acted promptly, which it did not.  In addition, the circuit court also addressed the best interests of M.D.B. and prejudice.  The court acknowledged that "[i]t is important for [M.D.B.] to be held responsible for his alleged acts, but it's equally important, according to the Legislature, that the [c]ourt enforce his rights."  The court went on to state that refusing to dismiss the case "would give the State a free pass to miss deadlines without regard for the juvenile's legal rights."  Thus, we reject the State's argument that the circuit court failed to properly apply the "*F.E.W.* standard."

¶20     Finally, the State contends that the circuit court erred by concluding that the appropriate remedy was to dismiss the case with prejudice.  The State accuses the circuit court of dismissing the case "simply because there is a statutory mechanism for it," and points to a criminal case, *State v. Davis*, 2001 WI 136, 248 Wis. 2d 986, 637 N.W.2d 62, in support.

¶21     In *Davis*, the circuit court granted the defendant's motion to dismiss a criminal case with prejudice because the State had failed to bring the case to trial within the 120-day time period set forth in WIS. STAT. § 971.11(2) (1999-2000).

*Davis*, 248 Wis. 2d 986, ¶1. Our supreme court reversed concluding that the circuit court had discretion to dismiss the case with or without prejudice; however, the circuit court failed to properly exercise its discretion. *Id.*, ¶5. In regards to whether the circuit court had properly exercised its discretion, our supreme court stated that the circuit court "appears to have decided that WIS. STAT. § 971.11(7) requires dismissal of a criminal case with prejudice as a matter of law" and "seems to have further concluded that unless the present case was dismissed with prejudice, an accused would have no remedy[.]" *Davis*, 248 Wis. 2d 986, ¶33. Our supreme court stated that the circuit court's rationale and application of that rationale to the facts "come close to requiring dismissal with prejudice in every criminal case when a district attorney fails to bring a case on for trial within the 120-day time period[.]" *Id.*

¶22 Unlike in *Davis*, here, there is no indication on the record that the circuit court believed that its only option was to dismiss the case with prejudice. Rather, as discussed above, in this case, the circuit court discussed the specific facts of this case and dismissed the petition based on its consideration of the relevant factors.

¶23 Therefore, we reject the State's arguments and conclude that the circuit court did not erroneously exercise its discretion in dismissing the petition. Accordingly, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.