In re Return of Property in State v. Bergquist:

State of Wisconsin, Appellant,

v.

Kirk J. Bergquist, Respondent.

Court of Appeals

*No. 01–0814. Submitted on briefs November 19, 2001.—Decided January 23, 2002.*

2002 WI App 39

(Also reported in 641 N.W.2d 179.)

On behalf of the appellant, the cause was submitted on the briefs of *G. Richard White*, district attorney, and *Meri C. Larson*, assistant district attorney, of Eau Claire.

On behalf of the respondent, the cause was submitted on the brief of *Steven H. Gibbs* of *Hertel & Gibbs, S.C.* of Eau Claire.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. The State appeals from an order requiring it to return two guns to Kirk Bergquist. The State argues that pursuant to WIS. STAT. § 968.20(1m)(b), the guns cannot be returned to Bergquist because he committed a crime involving their use.[1] The circuit court ordered the guns returned to Bergquist after concluding that forfeiture of the guns would violate the United States Constitution's prohibition of excessive fines. We conclude that nonreturn of weapons used in the commission of a crime, pursuant to § 968.20(1m)(b), constitutes a forfeiture subject to the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.[2] Because the State's appeal is based solely on its theory that the Excessive Fines Clause is inapplicable, the State chose not to argue, in the alternative, that the forfeiture in this case

[1] All statutory references are to the 1999–2000 version unless otherwise noted.

[2] The Eighth Amendment to the United States Constitution proclaims: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.

was not an excessive fine. Accordingly, we affirm the order without addressing the merits of whether the forfeiture of Bergquist's guns would be excessive under the Eighth Amendment.[3]

### BACKGROUND

¶ 2. At issue is the return of two guns that were seized from Bergquist after neighbors reported that he fired the guns toward their property. Bergquist was originally charged with two counts of recklessly endangering safety, contrary to WIS. STAT. § 941.30(2), but later pled no contest to one count of disorderly conduct, a Class B misdemeanor.

¶ 3. At the plea hearing, the State argued that the guns must be forfeited pursuant to WIS. STAT. § 968.20(1m)(b). Bergquist argued that the guns should be returned to him because they were not used in the commission of the crime of disorderly conduct and because their forfeiture would violate the Excessive Fines Clause.

¶ 4. In support of his second argument, Bergquist presented evidence that the total value of the two guns is between $5,000 and $7,150.[4] He argued that because the maximum fine for disorderly conduct is $1,000, and the fine imposed in Bergquist's case was $100, forfeiture of the guns would be excessive.

¶ 5. The circuit court concluded that the guns had been used in the commission of a crime and were

---

[3] Because we affirm the circuit court's order on these grounds, we do not address Bergquist's argument that the guns need not be forfeited because he did not "use" the guns when he committed disorderly conduct.

[4] The State does not dispute the value estimates. The testimony suggested that the high value is based in part on the guns' rarity.

therefore subject to WIS. STAT. § 968.20(1m)(b). However, the court concluded that forfeiture of the guns would be grossly disproportionate to the maximum penalty for the crime and therefore unconstitutional under the Excessive Fines Clause. Accordingly, the court ordered that the guns be returned to Bergquist. The circuit court denied the State's motion to rescind its order and this appeal followed.

## STANDARD OF REVIEW

¶ 6. At issue is whether the nonreturn of weapons used in the commission of a crime, pursuant to WIS. STAT. § 968.20(1m)(b), constitutes a forfeiture subject to the Excessive Fines Clause of the Eighth Amendment. Resolution of this issue requires us to interpret § 968.20, as well as the Eighth Amendment as applied to the states through the Fourteenth Amendment. *See State v. Hammad*, 212 Wis. 2d 343, 348, 569 N.W.2d 68 (Ct. App. 1997) (assuming applicability of Eighth Amendment to states). Statutory and constitutional interpretations are questions of law that we review de novo. *See State v. City of Oak Creek*, 2000 WI 9, ¶ 18, 232 Wis. 2d 612, 605 N.W.2d 526 (interpretation of a constitutional provision is subject to independent review); *State v. Dean*, 163 Wis. 2d 503, 510, 471 N.W.2d 310 (Ct. App. 1991) (interpretation of a statute is a question of law reviewed de novo).

## DISCUSSION

¶ 7. We begin our discussion with WIS. STAT. § 968.20, entitled "Return of Property," which governs the disposition of seized property. The statute provides in relevant part:

**(1)** Any person claiming the right to possession of property seized pursuant to a search warrant or seized without a search warrant may apply for its return to the circuit court for the county in which the property was seized or where the search warrant was returned. The court shall order such notice as it deems adequate to be given the district attorney and all persons who have or may have an interest in the property and shall hold a hearing to hear all claims to its true ownership. If the right to possession is proved to the court's satisfaction, it shall order the property, other than contraband or property covered under sub. (1m) or (1r) or s. 173.12 or 173.21 (4), returned if:

(a) The property is not needed as evidence or, if needed, satisfactory arrangements can be made for its return for subsequent use as evidence; or

(b) All proceedings in which it might be required have been completed.

**(1m)** (a) In this subsection:

1. "Crime" includes an act committed by a juvenile or incompetent adult which would have been a crime if the act had been committed by a competent adult.

2. "Dangerous weapon" has the meaning given in s. 939.22 (10).

(b) If the seized property is a dangerous weapon or ammunition, the property shall not be returned to any person who committed a crime involving the use of the dangerous weapon or the ammunition. The property may be returned to the rightful owner under this section if the owner had no prior knowledge of and gave no consent to the commission of the crime. Property which may not be returned to an owner under this subsection shall be disposed of under subs. (3) and (4).

798

¶ 8. Although the term "forfeiture" does not appear in this statute, our supreme court has recognized that the result of refusing to return a weapon to a person who committed a crime using the weapon is a forfeiture. *See In re Return of Property in State v. Perez*, 2001 WI 79, ¶ 61, 244 Wis. 2d 582, 628 N.W.2d 820. In *Perez*, our supreme court considered whether a person who is convicted of carrying a concealed and dangerous weapon under Wis. Stat. § 941.23 (1997–98) has "committed a crime involving the use of the dangerous weapon," as that phrase is used in Wis. Stat. § 968.20(1m)(b), so that a dangerous weapon seized from the person may not be returned. *See id.* at ¶ 1. The court concluded that "the legislature intended *forfeiture* of dangerous weapons in this situation." *Id.* at ¶ 61 (emphasis added). The court also refers to § 968.20(1m)(b) as a "forfeiture statute" several times. *Id.* at ¶¶ 59, 60.

¶ 9. We are convinced that even though Wis. Stat. § 968.20(1m)(b) does not contain the word "forfeiture," it prescribes one. The determinative issue, therefore, is whether the statute prescribes a forfeiture subject to the Excessive Fines Clause.

**I. The Excessive Fines Clause is applicable if the forfeiture's purpose is, in part, punishment.**

¶ 10. The Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, as punishment for an offense. *Austin v. United States*, 509 U.S. 602, 609–10 (1993). *Austin* recognized that the critical inquiry in deciding whether the Excessive Fines Clause applies to a forfeiture stat-

ute is not whether it is based in civil or criminal law, but rather whether the forfeiture is punishment.[5] *See id.* at 610–11, 622. Even if the forfeiture statute serves multiple purposes, the Excessive Fines Clause applies if the forfeiture serves in part to punish. *Id.* at 610, 618.

**II. The Excessive Fines Clause applies here because the purposes of WIS. STAT. § 968.20(1m)(b) include punishment.**

¶ 11. Applying the *Austin* analysis here, we conclude that the Excessive Fines Clause applies to WIS. STAT. § 968.20(1m)(b). In *State v. Williams,* 148 Wis. 2d 852, 858, 436 N.W.2d 924 (Ct. App. 1989), we recognized that § 968.20(1m)(b) satisfies two legitimate police power objectives: deterrence and preventing the same firearms from being used again in criminal activities. In *Perez,* our supreme court agreed with this assessment and stated:

> The first purpose of [WIS. STAT. § 968.20(1m)(b)] is deterrence, which is one of the principal objectives of the criminal law. The criminal code increases the penalty for an offender who commits a crime while possessing, using, or threatening to use a dangerous weapon. Wis. Stat. § 939.63. The increased penalty is intended to discourage the use of dangerous weapons in the commission of crimes by creating fear of additional punishment. Logically, the loss of dangerous weapons through forfeiture is also intended to deter the use of dangerous weapons in the commission of crimes. Con-

---

[5] Because *Austin* recognized that the civil or criminal nature of a forfeiture statute is not determinative, we need not address whether WIS. STAT. § 968.20(1m)(b) is technically a civil or criminal forfeiture statute. *See Austin v. United States,* 509 U.S. 602, 610–11, 622 (1993).

versely, the return of dangerous weapons to persons who have committed crimes with them undermines deterrence. If people understand the risk of forfeiture on top of criminal prosecution, they are more likely to comply with the law.

*Perez*, 2001 WI 79 at ¶ 54. This language convinces us that the goal of the statute is, in part, punishment. Therefore, § 968.20(1m)(b) is subject to the Excessive Fines Clause.[6]

¶ 12. Our conclusion that the statute provides punishment is reinforced by the ˙ fact that WIS. STAT. § 968.20(1m)(b) protects innocent gun owners whose guns are used in the commission of a crime. If the gun owner "had no prior knowledge of and gave no consent to the commission of the crime," then the gun is returned to the owner. WIS. STAT. § 968.20(1m)(b). Although the goal of preventing the use of guns in future crimes could arguably be remedial, the innocent owner provision in § 968.20(1m)(b) provides an element of punishment that prevents us from concluding that the goal of § 968.20(1m)(b) is solely remedial. *Cf. In re 1650 Cases of Seized Liquor*, 721 A.2d 100, 108 (Vt. 1998) (holding civil forfeiture of transported liquor not punishment because the statute does not give the owner a defense based on innocence, the illegally transported liquor has become contraband and the forfeiture rem-

---

[6] This is not the first time we have concluded that a Wisconsin forfeiture statute is subject to the Excessive Fines Clause. Applying the *Austin* analysis, we concluded that WIS. STAT. § 973.075(1)(b) is subject to the Excessive Fines Clause. *See State v. Hammad*, 212 Wis. 2d 343, 351–52, 569 N.W.2d 68 (Ct. App. 1997).

edy is part of a scheme to control the transport and delivery of liquor in Vermont).[7]

### III. Application of the Excessive Fines Clause.

¶ 13. The circuit court concluded that forfeiture of the guns in this case would be grossly disproportionate to the maximum penalty for the crime and therefore would be unconstitutional under the Excessive Fines Clause. In doing so, the court applied the proportionality test that we applied in *State v. Boyd*, 2000 WI App 208, ¶ 14, 238 Wis. 2d 693, 618 N.W.2d 251. In *Boyd*, we explained that courts determine whether a forfeiture violates the Excessive Fines Clause by considering the following factors: (1) the nature of the offense; (2) the purpose for enacting the statute; (3) the fine commonly imposed upon similarly situated offenders; and (4) the harm resulting from the defendant's conduct. *See id.*

¶ 14. Here, the State offers no argument concerning these factors. Although its approach is consistent with its theory that the Excessive Fines Clause is inapplicable, the result is that the State has failed to contest Bergquist's assertion that forfeiture of his guns would violate the Excessive Fines Clause. Arguments that are not refuted are deemed admitted. *Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979). Accordingly, we affirm without further discussion the circuit court's

---

[7] In contrast, the court in *In re 1650 Cases of Seized Liquor*, 721 A.2d 100 (Vt. 1998), suggested that the Excessive Fines Clause *would apply* to a forfeiture action brought against the truck that carried the liquor because the Vermont Legislature had chosen to provide an innocent owner defense for the transporter. *See id.* at 108.

conclusion that forfeiture of the guns would violate the Excessive Fines Clause and its order that the State return the guns to Bergquist.

*By the Court.*—Order affirmed.