**COURT OF APPEALS
DECISION
DATED AND FILED**

**December 9, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.  **2025AP90**

**STATE OF WISCONSIN**

Cir. Ct. No.  **2023JV1**

**IN COURT OF APPEALS
DISTRICT III**

IN THE INTEREST OF **K. R. C.**, A PERSON UNDER THE AGE OF **18**:

STATE OF WISCONSIN,

    PETITIONER-RESPONDENT,

  V.

K. R. C.,

    RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Pepin County: THOMAS W. CLARK, Judge. *Affirmed*.

¶1  GILL, J.[1]  Kyle[2] appeals an order of delinquency, arguing that the State did not have good cause for failing to comply with the 20-day delinquency

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

petition filing deadline set forth in WIS. STAT. § 938.25(2)(a). We disagree and conclude that the State had good cause for failing to comply with that deadline. Accordingly, we affirm the order.

## BACKGROUND

¶2 Kyle currently resides with his father in Wabasha County, Minnesota. Kyle's mother lives in Pepin County, Wisconsin. It is alleged that in January 2022, Kyle sexually assaulted a first cousin at Kyle's mother's house in Pepin County.

¶3 In June 2022, a social worker for Pepin County referred the matter to the Pepin County District Attorney's Office (the State) with a request for referral to the Wabasha County Attorney's Office (Wabasha County). In July 2022, the State contacted Wabasha County to determine if Wabasha County could accept the case referral. Wabasha County confirmed that it could and would accept the referral and file a delinquency petition, stating it would do so because Kyle is a resident of Minnesota. Wabasha County's delinquency petition was filed in October 2022.[3]

¶4 In November 2022, a new County Attorney was elected in Wabasha County. The new County Attorney was not willing to continue to pursue the case due to his belief that he did not have jurisdiction over the matter. Wabasha

---

[2] For ease of reading, we refer to the appellant in this confidential matter using a pseudonym, rather than his initials.

[3] In his reply brief, Kyle notes that over 80 days passed between the June referral date and the October filing date. Kyle does not develop any arguments specifically regarding this initial delay, and we do not address it further.

County dismissed its petition on May 15, 2023. The State received notice of Wabasha County's dismissal on June 21, 2023. On July 5, 2023, 351 days past the 20-day deadline in WIS. STAT. § 938.25(2)(a), the State filed a delinquency petition and an affidavit regarding the late filing.

¶5    In August 2023, Kyle filed a motion to dismiss the delinquency petition with prejudice, arguing that the State failed to file a delinquency petition within 20 days after the date the intake worker's request was filed, as is required by WIS. STAT. § 938.25(2)(a). Kyle contended that "[d]ismissal with prejudice [was] the only appropriate remedy for the violation" because no other remedy "adequately addresse[d] the concern over the unnecessary delay in filing."

¶6    The State filed a response to Kyle's motion to dismiss, arguing that it had good cause for having failed to comply with the filing deadline in WIS. STAT. § 938.25(2)(a). It contended that it acted in good faith and "took all necessary steps to ensure that time frames and procedures were followed from the date it received this referral." The State also asserted that Kyle would not be unfairly prejudiced by the delay because he "was informed of the allegations against him in the Court of Minnesota and there was not 'over a year' where [he] was unaware these allegations existed because he was engaged in Court proceedings in another State for these allegations."

¶7    Kyle filed a rebuttal brief, arguing that "[t]here is not a 'good faith' exception for the failure to comply with the deadline established by WIS. STAT. § 938.25(2)(a)." Kyle further argued that the State did not have good cause for failing to timely file the petition and that the circuit court therefore could not extend the time period to file a delinquency petition. *See* § 938.25(2)(a).

¶8     At a motion hearing, the circuit court stated that "[t]ime limits may only be extended by a [c]ourt after [a] showing of good cause under [WIS. STAT. §] 938.315." The court referenced § 938.315(1)(a)1., which excludes from computation of time periods "[a]ny period of delay resulting from" "[o]ther legal actions concerning the juvenile, including an examination under [WIS. STAT. §] 938.295 or a hearing related to the juvenile's mental condition, prehearing motions, waiver motions, and hearings on other matters." The court then found that "transfer to other jurisdictions of the case [is] considered good cause for a period of delay resulting from the transfer of the case to a different jurisdiction." The court also found that there was no unnecessary delay in filing the petition in Wisconsin. The court therefore denied Kyle's motion to dismiss. The court subsequently entered a delinquency order, and Kyle now appeals from that order.

## DISCUSSION

¶9     Kyle argues that the State lacked good cause for violating the time limit for filing a delinquency petition against him and that the only appropriate remedy is dismissal of the petition with prejudice.

¶10     Our review of Kyle's appeal involves disputed facts and the application of those facts to the law. We will uphold the circuit court's findings of fact unless they are clearly erroneous. *State v. Turner*, 136 Wis. 2d 333, 343-44, 401 N.W.2d 827 (1987); WIS. STAT. § 805.17(2). A finding of fact is clearly erroneous when it is against the great weight and clear preponderance of the evidence. *Royster-Clark, Inc. v. Olsen's Mill, Inc.*, 2006 WI 46, ¶12, 290 Wis. 2d 264, 714 N.W.2d 530. The application of facts to the law presents a question that we review de novo. *F.E.W. v. State*, 143 Wis. 2d 856, 858, 422 N.W.2d 893 (Ct. App. 1988). Further, the resolution of Kyle's appeal requires us to interpret

4

statutes, *see id.* at 860, which also presents a question of law that we review de novo, *State v. Stewart*, 2018 WI App 41, ¶18, 383 Wis. 2d 546, 916 N.W.2d 188.

¶11     "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'  Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citations omitted).

> Context is important to meaning.  So, too, is the structure of the statute in which the operative language appears. Therefore, statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results.

*Id.*, ¶46.  "If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning." *Id.* (citation omitted).

¶12     WISCONSIN STAT. § 938.25(2)(a) provides that a petition initiating proceedings under WIS. STAT. ch. 938 must be filed "within 20 days after the date that the intake worker's request was filed."  That statute further provides that the 20-day time period "may only be extended by a court upon a showing of good cause under [WIS. STAT. §] 938.315." Sec. 938.25(2)(a).  If, however, a petition is not filed within the 20-day time period and the court has not granted an extension, "the petition shall be accompanied by a statement of reasons for the delay," and "[t]he court shall grant appropriate relief as provided in [§] 938.315(3) with respect to a petition that is not filed within the applicable time period." Sec. 938.25(2)(a).

¶13     "Good cause" is not defined by WIS. STAT. ch. 938, and reasonable persons could disagree as to what constitutes "good cause" for the purpose of WIS. STAT. § 938.25(2).  *See F.E.W.*, 143 Wis. 2d at 860.  Accordingly, this term is ambiguous, and we examine the scope, history, context, subject matter and object of the statute to discern the legislature's intent.  *See id.*; *Kalal*, 271 Wis. 2d 633, ¶48.

¶14     In *F.E.W.*, we defined "good cause" in the context of a delinquency petition filed under WIS. STAT. ch. 48.  *F.E.W.*, 143 Wis. 2d at 858.  We held that there are four factors courts should consider in determining "good cause" for the untimely filing of a delinquency petition under ch. 48: (1) the best interests of the child, (2) whether the party seeking an enlargement of time has acted in good faith, (3) whether the opposing party has been prejudiced, and (4) whether the dilatory party took prompt action to remedy the situation.  *F.E.W.*, 143 Wis. 2d at 861.  Both Kyle and the State agree that we should apply these four factors in determining whether the State had good cause for the untimely filing of its delinquency petition under WIS. STAT. § 938.25(2).  We therefore analyze each of these factors based on the facts in this case.

**I.  Best Interests of the Juvenile**

¶15     The only argument we perceive Kyle to make regarding the best interest factor is his statement that "[t]he [l]egislature has made a judgment that delaying intervention is not in the best interest of a child."[4]  Kyle supports this

---

[4] Kyle cites *F.E.W. v. State*, 143 Wis. 2d 856, 861, 422 N.W.2d 893 (Ct. App. 1988), in support of his argument that the child's best interest is the "paramount" and "most important" factor in considering whether the State had good cause for its untimely delinquency petition.  *See id.* at 861 & n.1.

(continued)

assertion by citing WIS. STAT. § 938.01(2)(e), where our legislature stated its intent to "divert juveniles from the juvenile justice system through early intervention as warranted, when consistent with the protection of the public."

¶16 We disagree with Kyle's argument that WIS. STAT. § 938.01(2)(e) supports a conclusion that delayed intervention, as compared to dismissing the petition, is against his best interest. This court has previously stated that it is in "the best interests of the child and the public that [the child] be held responsible for the consequences of his [or her] acts and be provided with services in an attempt to prevent a recurrence." *F.E.W.*, 143 Wis. 2d at 861. Indeed, this conclusion is consistent with the legislature's decision to allow the time periods set forth in WIS. STAT. § 938.25(2) to be extended for good cause, as well as the additional legislative purposes of WIS. STAT. ch. 938. *See* § 938.01(2)(a), (b), (g) (declaring the legislature's intent to "protect citizens from juvenile crime," "hold each juvenile offender directly accountable for his or her acts," and "ensure that victims … of acts committed by juveniles that result in proceedings under this

---

The *F.E.W.* court stated that the best interest factor was the "paramount consideration" after noting that the petition at issue was filed under WIS. STAT. ch. 48. *F.E.W.*, 143 Wis. 2d at 861; *see also* WIS. STAT. § 48.01(1) (stating that "the best interests of the child or unborn child shall always be of paramount consideration").

Unlike the petition at issue in *F.E.W.*, the petition in Kyle's case was not filed under WIS. STAT. ch. 48; rather, it was filed under WIS. STAT. ch. 938. While the legislative purposes of ch. 938 include the best interests of the juvenile, *see* WIS. STAT. § 938.01(2)(f), the best interests of the juvenile are not elevated above any other of the legislative purposes, *see* § 938.01(2) ("[T]he legislature declares the following to be *equally important* purposes of this chapter." (emphasis added)). Section 938.01(2) sets forth multiple purposes, including "[t]o protect citizens from juvenile crime" and "[t]o hold each juvenile offender directly accountable for his or her acts."

Thus, while we do consider Kyle's best interest as a factor in determining whether the State had good cause for its untimely petition, we do not consider this factor to have more weight than any of the other factors we consider.

chapter are, consistent with this chapter and the Wisconsin constitution, afforded the same rights as victims … of crimes committed by adults," respectively). Accordingly, the best interest factor weighs in favor of concluding that the State had good cause for its delay in filing the petition.

## II. Good Faith

¶17    "Good faith" is not defined in WIS. STAT. ch. 938.  *See* WIS. STAT. § 938.02.  Thus, we turn to its plain meaning.  *See* **Kalal**, 271 Wis. 2d 633, ¶45. "Good faith" means "[a] state of mind consisting in (1) honesty in belief or purpose, (2) faithfulness to one's duty or obligation, (3) observance of reasonable commercial standards of fair dealing in a given trade or business, or (4) absence of intent to defraud or to seek unconscionable advantage."  *Good faith*, BLACK'S LAW DICTIONARY (12th ed. 2024).  This definition is contrasted by bad faith, which is defined as "[d]ishonesty of belief, purpose, or motive."  *Bad faith*, BLACK'S LAW DICTIONARY (12th ed. 2024).

¶18    The circuit court found that the State acted in good faith "based on the relevant statutes in Minnesota, the very prompt actions of the Prosecutor in Pepin County, and the lack of control over the action of the second County Attorney in Wabasha County."  Specifically, the court found that the State "had more than reason to believe" that it was proper to refer the matter to Wabasha County and that "[i]t was no fault of the State of Wisconsin Prosecutor or anyone else in Wisconsin that later on, after six months of proceedings, the County Attorney of Wabasha County decided that he was going to dismiss the petition."

¶19    Kyle does not argue that any of these factual findings are clearly erroneous.  Instead, Kyle argues that the State failed to "make a cursory investigation of relevant law before committing to a course of action" and that this

failing was a lack of diligence that amounted to not being faithful to the State's duty or obligation. However, Kyle fails to develop an argument as to how the State's investigation was cursory or what other course of action was required. Our review of the record has not revealed any evidence to suggest that the State acted without honesty in belief or that it acted with intent to defraud or to seek an unconscionable advantage. We further note that, prior to officially referring the matter to Wabasha County, the State contacted the Wabasha County attorney to get that attorney's opinion on whether Minnesota had jurisdiction to try the matter. Consulting with an elected Minnesota attorney about Minnesota law supports the circuit court's finding that the State acted in good faith. Accordingly, the circuit court's finding that the State acted in good faith was not clearly erroneous.

## III. Prejudice

¶20 Kyle contends that he was prejudiced by being "subject to investigation and prosecution for nearly two years." Specifically, Kyle asserts that "[t]he prolonged prosecution disrupted [his] life, caused him stress, and damaged his reputation in the small county in which he lived." He also notes that his treatment at a residential treatment facility was "interrupted by multiple court dates and competency proceedings in this case."

¶21 In response, the State merely notes that the circuit court found that Kyle was not prejudiced. In support of that finding, the court stated that "[Kyle,]from the time of the original filing in Wabasha County to the dismissal, was subject to the exact same allegations as were on referral from Pepin County that were the subject of the refiling in Pepin County." The State does not meaningfully respond to Kyle's contention that he has been prejudiced by the disruption of his life caused by the lengthy prosecution, stress, and damage to his

reputation. Thus, Kyle contends that the State concedes prejudice. *See State v. Bergquist*, 2002 WI App 39, ¶14, 250 Wis. 2d 792, 641 N.W.2d 179 ("Arguments that are not refuted are deemed admitted.").

¶22 We note that Kyle does not contend that his ability to present a defense has been prejudiced in any way by the delay, nor does Kyle address the victim's rights in addressing the prejudice factor. However, because the State fails to develop an argument regarding this factor, we consider this element conceded by the State as weighing in favor of dismissing the delinquency petition.[5]

## IV. Prompt Remedial Action

¶23 Lastly, we consider whether the State, as the claimed dilatory party, took prompt action to remedy the situation. First, however, we address arguments pertaining to the relevant time periods. It is uncontested that the State filed its delinquency petition on July 5, 2023. The parties disagree, however, as to the date that the State received notice that Wabasha County had dismissed its petition.

¶24 The circuit court found that the State was first informed on July 20, 2023, that Wabasha County had dismissed its petition. The court did not explain its reasoning for choosing this date, and the record does not support this finding.

---

[5] We acknowledge that, as pertinent to this appeal, WIS. STAT. § 938.01(2)(g) provides that one of the legislative purposes of the Juvenile Justice Code is to "ensure that victims … of acts committed by juveniles that result in proceedings under this chapter are … afforded the same rights as victims … of crimes committed by adults." *See supra* ¶16. We further recognize that WIS. STAT. § 950.04 sets forth the rights of victims of crimes and indicates that a victim has an interest in the speedy disposition of the case in which they are involved as a victim. *See* § 950.04(1v)(k). The State has not addressed the victim's interest in this case, nor did it address any prejudice to the victim as a result of the prolonged proceeding. However, since the factors of the best interests of the juvenile, good faith, and prompt remedial action all weigh in favor of affirming the delinquency order, we need not address this factor further.

The State asserts that it first received notice of the dismissal on June 21, 2023. In support of this assertion, the State cites a letter dated June 20, 2023, from the Wabasha County attorney explaining that he dismissed the Wabasha County petition due to his belief that Wabasha County did not have jurisdiction.

¶25 Conversely, Kyle argues that the State had notice "at least by May 17, 2023," that Wabasha County had dismissed its petition. Kyle cites the State's brief in response to Kyle's motion to dismiss, in which the State noted that it responded—via a letter dated May 17, 2023—to Wabasha County's request for documentation showing that Wabasha County had jurisdiction. Kyle also cites Wabasha County's letter—dated June 20, 2023—which purported to be in response to the State's May 17 letter.

¶26 We conclude that the circuit court's finding of fact that the State had notice of Wabasha County's dismissal by July 20, 2023, was clearly erroneous. *See Royster-Clark, Inc.*, 290 Wis. 2d 264, ¶12. Indeed, it would be illogical for the State to have filed its own delinquency petition prior to receiving notice that Wabasha County had dismissed its petition. Rather, it appears likely that the court intended to find that the State received notice on *June* 20, 2023, that Wabasha County had dismissed its petition—which was the date provided on the Wabasha County attorney's letter explaining that Wabasha County had dismissed its petition. There is no evidence suggesting that the State first received notice of Wabasha County's dismissal *after* it received the letter.

11

¶27 The record supports our conclusion that the State first received notice of Wabasha County's dismissal on or around June 20, 2023.[6] That date is the first date in the record on which Wabasha County clearly stated that it had dismissed (or was planning to dismiss) its petition. Kyle's citation to Wabasha County's request for documentation showing that Wabasha County had jurisdiction is unpersuasive. The fact that Wabasha County was questioning its jurisdiction does not amount to notice that Wabasha County had actually decided to dismiss its petition. In fact, the June 20, 2023 letter states, "This letter is in response to your May 17th, 2023 [correspondence] …. I apologize for the delay in response." This statement indicates that Wabasha County did not communicate with the State between its request for jurisdictional documentation and the June 20, 2023 letter.

¶28 Having concluded that the State first received notice on June 20, 2023, we conclude that the State, as the claimed dilatory party, took prompt action to remedy the situation. The State filed its delinquency petition within 20 days of receiving notice that Wabasha County had dismissed its petition. Further, the State filed an affidavit explaining the reason for the delay, as is required by WIS. STAT. § 938.25(2)(a). Kyle does not contest that the State took prompt action by filing its petition within 20 days of receiving notice of the Wabasha County dismissal.

---

[6] Although the State argues that it first received notice on June 21, 2023, the one-day difference does not materially alter our analysis. It is uncontested that the State filed its delinquency petition on July 5, 2023. It is further uncontested that July 5, 2023, was within 20 days of both June 20 and June 21, 2023. *See* WIS. STAT. § 938.25(2)(a).

¶29 In summary, the factors of best interest of the child, good faith, and whether the State took prompt action to remedy the situation all weigh in favor of finding good cause to extend the State's deadline to file the delinquency petition. Given our conclusion that the State concedes the prejudice factor, that factor weighs in favor of dismissing the delinquency petition. However, in weighing these factors together, it is clear that there was good cause to extend the State's deadline to file the delinquency petition. Accordingly, the circuit court properly denied Kyle's motion to dismiss the petition.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.